UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

CASE NO. _____

IN THE MATTER OF THE:

COMPLAINT OF OSRV HOLDINGS, INC., as owner, and NATIONAL RESPONSE CORPORATION, as owner *PRO HAC VICE* of the vessel M/V LIBERTY, Official Number 640889,

    Petitioners.

_____/

**PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

    Petitioners, OSRV HOLDINGS, INC. and NATIONAL RESPONSE CORPORATION (NRC) (hereinafter referred to collectively as "Petitioners"), as owner and owner *Pro Hac Vice*, respectively, of the M/V LIBERTY, a 110 foot oil recovery vessel (hereinafter the "Vessel"), Official Number 640889, by and through undersigned counsel, and pursuant to the provisions of 46 U.S.C. § 30501 *et seq.*, Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Admiralty Rule F"), and Local Admiralty Rule F, petition this Court for Exoneration from or Limitation of Liability, for all claims arising out of an incident that occurred on or about August 29, 2020, on the navigable waters near Port of Miami, Florida, and Biscayne Bay and Bayside Marketplace Marina, and as grounds therefore allege:

    1.    This is a case of admiralty and maritime jurisdiction within the meaning of Fed. R. Civ. P. Rule 9(h), 28 U.S.C. 1333 and U.S. Const. art. III, § 2.

2. This action is brought by Petitioners pursuant to the terms of the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.* and Supplemental Admiralty Rule F governing Limitation of Liability actions.

3. This Court has subject matter jurisdiction of this matter under 28 U.S.C. §§ 1331, 1333 and 46 U.S.C. § 30501 *et seq.*

4. The Vessel has not been attached or arrested. Suit was previously commenced against both Petitioners, in the legal action styled *Wayne Warfield v. National Response Corporation and OSRV Holdings, Inc.*, Case No.: 2020-021878-CA-0, pending in the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County Florida. The Vessel is currently in the District. The Vessel is expected to remain in the District during the pendency of this action. Therefore, venue is proper in this District pursuant to Supplemental Rule F(9).

5. At all material times hereto, Petitioner OSRV HOLDINGS, INC. was the registered owner of the subject Vessel M/V LIBERTY, Official Number 640889.

6. At all times material hereto, Petitioner NRC employed Wayne Warfield, the Captain of the vessel.

7. At all times material hereto, Petitioner NRC operated and maintained the subject vessel as the owner *pro hac vice.*

8. The events, acts, and circumstances giving rise to this Petition occurred on the navigable waters near Port of Miami and the Bayside Marina, on or about August 29, 2020, and while the Vessel was engaged in maritime activity.

9. At all times material hereto, the foregoing Vessel was in all respects seaworthy and suitable for use as a commercial oil recovery vessel.

10. At all times material hereto, Petitioners exercised due diligence to make and maintain the Vessel in a condition such that it was fit for its normal and intended use as a commercial oil recovery vessel.

11. The Vessel has not been attached or arrested *in rem* in any civil proceeding.

12. On or about August 29, 2020, Capt. Wayne Warfield was operating the Vessel in the navigable waters near Port of Miami and adjacent to the Bayside Marina.

13. While engaged in mooring operations of the vessel, Capt. Wayne Warfield fell from the vessel and onto the adjacent dock, sustaining physical injuries.

14. Thereafter, 911 was called and Capt. Wayne Warfield was treated on site and transported to a local hospital.

15. Capt. Wayne Warfield was a qualified and experienced captain and in command of the Vessel at the time of the incident.

16. To Petitioners' knowledge, potential Claimants to this action presently include: Capt. Wayne Warfield, c/o his attorneys Leesfield Scolaro, P.A., 2350 South Dixie Highway, Miami, Florida 33133.

17. The Vessel is currently in the possession of the Petitioners, and the vessel remains in service and located in Port of Miami, at Bayside Marketplace.

18. Except as set herein, there are no unsatisfied liens, or claims of liens against Petitioners or the Vessel, in contract or tort or otherwise, arising out of the incident.

19. The instant Petition for Exoneration from or Limitation of Liability is being filed less than six months after the incident which occurred on August 29, 2020; therefore, it is timely filed pursuant to the provisions of Supplemental Rule F.

20. Pursuant to Supplemental Rule F (2) and 46 U.S.C. §30501 *et seq.*, Petitioners seek exoneration from or limitation of liability for any claims, injuries, damages, and losses of whatever description arising out of the aforesaid incident and desire to contest the liability in the event claims are made or claimants allege they have valid defenses to the claims on the facts and law.

21. Petitioners aver the post-casualty value of the Vessel and its interests therein is $1,200,000.00, and there is no pending freight, as to be set forth fully in Petitioners' Ad Interim Stipulation for Value and supporting Affidavit of Value executed February 22, 2021.

22. Petitioners, upon filing their Ad Interim Stipulation for Value and supporting Affidavit of Value, will deposit in the Registry of the Court for the benefit of Claimants a sum equal to the amount or value of the Petitioners' interest in the vessel, or other approved security, plus security for costs and interest at the rate of 6% within the meaning of 46 U.S.C. §30501(a) based on Petitioners' appraisal of the Vessel.

23. The incident described above was not caused or contributed by Petitioners' fault, negligence, or lack of due care.

24. Alternatively, the aforesaid incident was done, occasioned, and incurred without Petitioners' privity or knowledge.

25. Any claims arising from the death, injuries, losses, or damages described above were done, occasioned, and incurred entirely without any negligence or other fault on the part of Petitioners, or anyone for whom Petitioners may be legally responsible for, and Petitioners are entitled to exoneration from any liability for any such claims.

26. If it later appears that Petitioners may be liable and the amount or value of Petitioners' interest in the Vessel is not sufficient to pay all losses in full, then Claimants shall share *pro rata* in the aforesaid sum, saving Claimants any rights of priority they may have as

ordered by this Court, or as provided by the aforesaid statute, or by the Federal Rules of Civil Procedure, Supplemental Rule F and Local Admiralty Rule F.

27. In the event the Court determines there was negligence or other legal fault in the operation and/or use of the Vessel which contributed in any way to any alleged injuries, losses, or damages on the part any person, vessel or other claims arising from the August 29, 2020 incident, which negligence or other legal fault is denied by Petitioners, such negligence occurred wholly or in part without the privity or knowledge of Petitioners within the meaning of 46 U.S.C. §30501 *et seq*.

28. Petitioners believe potential claims arising from this maritime incident may exceed the value of Petitioners' interest in the Vessel and pending freight on the date of the incident at the end of the voyage.

29. By reason of the foregoing, if any liability should be adjudged and imposed upon the Vessel, which liability is denied, then Petitioners are entitled to limitation from any such liability pursuant to 46 U.S.C. §30505 *et seq*.

**WHEREFORE PETITIONERS, OSRV HOLDINGS, INC. (OSRV) and NATIONAL RESPONSE CORPORATION (NRC), EACH RESPECTFULLY REQUEST:**

A. For an Order:

  1. Approving the above-described Ad Interim Stipulation for Value or other approved security filed with the Court by Petitioners, as security for the amount or value of Petitioners' interest in the Vessel;

  2. Directing the issuance of a monition to all persons claiming damages for any and all injuries and losses occasioned, incurred, or resulting from the aforesaid incident on

       August 29, 2020, directing them to file their claims with the Clerk of Court and to serve on or mail to the attorneys for Petitioners copies thereof on or before the date to be named in said monition, further to appear and answer the allegations of this Petition according to the law and practice of this Court at or before a time certain to be fixed by said monition; and

B.    That an injunction shall issue restraining the prosecution of all suits, actions, and proceedings already begun to recover for damages sustained and arising out of, occasioned by or consequent upon the incident aforesaid, and the commencement or prosecution thereafter of any suit, action or legal proceeding of any nature of description whatsoever, except in the present proceeding, against Petitioners and/or the Vessel in respect of any claim or claims arising out of the incident on August 29, 2020, above described; and

C.    For a Decree adjudging:

    1.    That neither Petitioners nor the Vessel are liable to any extent for any losses, damages, or injuries or for any claim whatsoever, in any way arising out of or in consequence of the aforesaid incident of August 29, 2020, as above stated;

    2.    Or, if Petitioners shall be adjudicated liable, then that liability be limited to the amount of the value of their interest in the Vessel at the time of the aforesaid incident described in this Petition, and that any monies decreed to be paid be divided *pro rata* amongst such claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled, and that a decree thereupon be entered discharging Petitioners from any and all further liability; and that Petitioners may have such other and further relief as the justice of the cause may require.

Dated: February 26, 2021

**Respectfully submitted,**

**HORR, NOVAK & SKIPP, P.A.**
*Counsel for Petitioner Luis Fernandez*
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, Florida 33156
Tel: (305) 670-2525
Fax: (305) 670-2526

By: */s/ Brian T. Scarry*
Brian T. Scarry
bscarry@admiral-law.com
Florida Bar No.: 914230
Mitchell Issa
missa@admiral-law.com
Florida Bar No. 112971